CASE 72—APPLICATION BY S. B. HODGES TO THE METCALFE COUNTY
COURT FOR LIQUOR LICENSE—JAN. 28 AND FEB. 11.

# Hodges v. Metcalfe County Court.

### APPEAL FROM METCALFE CIRCUIT COURT.

FROM A JUDGMENT OF THE COUNTY COURT, APPLICANT APPEALED TO
THE CIRCUIT, AND FROM THE CIRCUIT COURT TO THE APPELLATE
COURT.   AFFIRMED.

LIQUOR LICENSE—QUALIFICATION OF APPLICANT—BURDEN OF PROOF—
APPEAL—HARMLESS ERROR—RIGHT TO LICENSE.

Held:   1. Under Kentucky Statutes, 1903, sections 4203-4214, au-
thorizing the granting of liquor licenses to tavern keepers, dis-
tillers, druggists, and merchants, section 4205 providing that
licenses shall be granted only upon satisfactory evidence that
the applicant is in good faith a merchant, etc., the burden
of showing that the applicant is in good faith a merchant or
druggist, etc., is on him.
2. Although it is the duty of the circuit court, on appeal from the
action of the county court in refusing a liquor license, to deter-
mine the question on the bill of exceptions, and either affirm,
or remand with instructions to grant the license, yet remand-
ment for a new trial was not prejudicial to the applicant, where,
on the facts shown, he was not entitled to the license.
3. Kentucky Statutes, 1903, section 4224, fixing the amount of tax
to be collected for licenses to sell liquor, does not authorize
the granting of such licenses where not otherwise allowed by
law.

J. W. KINNAIRD AND W. O. SCOTT, FOR APPELLANT.

Our contention is:
1. That upon the filing by the applicant for license of his
affidavit that he could not have a fair trial before the county
judge, it was the duty of said official to vacate the bench.
2. Upon the appeal from the county to the circuit court,
the bill of exceptions showing that all the requirements of the
law had been complied with by the applicant, it was the duty
of the circuit court to have remanded the case to the county.

court with directions to grant the license, and not merely to grant a new trial.

### AUTHORITIES CITED.

Kentucky Statutes, sec. 1059; German Ins. Co. v. Landrum, 88 Ky., 433; Massie v. Com., 14 Rep., 564; Vance v. Field, 89 Ky., 179, Kentucky Statutes, 4203; Doherty v. Com., 14 B. Mon., 239; Kentucky Statutes, 4211, 4212; Thompson v. Koch, 98 Ky., 400; Helm v. Short, 7 Bush, 622; Wood v. Campbell, 14 B. Mon., 422.

OPINION OF THE COURT BY CHIEF JUSTICE BURNAM—AFFIRMING.

The appellant, S. B. Hodges, applied to the Metcalfe county court, at its February term, 1903, for a license to sell spirit-uous, vinous, or malt liquors in quantities of not less than a quart at the residence of Allen Hodges. He testified himself, and showed by other witnesses that he had given notice of his application, as required by section 4203 of the Kentucky Statutes. The county attorney thereupon produced and filed a remonstrance, signed by 42 legal voters in the neighborhood of the place where the liquor was to be sold, against the granting of the application. Upon this testimony the motion was submitted, and the county judge refused the license. Appellant prosecuted an appeal on a bill of exceptions to the Metcalfe circuit court. Upon the trial of the appeal in that court, the judgment of the county refusing the license was reversed, and the cause remanded with directions to grant appellant a new trial. The appellant objected to so much of this judgment as directed the county court to grant a new trial, insisting that the cause should be remanded with directions to issue the license. On this appeal he insists that the burden to show that a majority of the legal voters of the neighborhood had protested against his application was upon the representatives of the county,

and, this fact not having been established, he was entitled to the license applied for.

We know of no statute authorizing county courts to license the sale of spirituous, vinous, or malt liquors outside of an incorporated city or town, except as contained in subdivison 2 of article 10 of chapter 108 of the Kentucky Statutes of 1903, which are embraced in sections 4203 to 4214, inclusive, of the Kentucky Statutes of 1903. This statute only authorizes the granting of a license to tavern keepers, distillers, druggists, and merchants. Section 4205 provides: "License to merchants, druggists, or distillers shall be granted only upon satisfactory evidence that the appellant is in good faith a merchant, druggist, or a distiller, and that the applicant has not assumed the name or the business for the purpose of retailing liquors." In his application to the court, appellant offered no testimony conducing to show that he was in good faith either a merchant, druggist, distiller, or tavern keeper. As we construe the law, the burden of showing these facts was upon him, and having failed to do so, the county court properly refused the license applied for, and its judgment should have been affirmed. It was the duty of the circuit court upon this appeal to try and determine the question upon the bill of exceptions, and either to have affirmed the judgment of the county court, or to have remanded the cause with instructions to grant the license. As the judgment of the circuit court remanding the cause for a new trial is more favorable to the appellant than the facts warranted, he has no ground of complaint. We therefore conclude that the judgment should be affirmed, and it is so ordered.

Opinion by Judge O'Rear on petition for rehearing, Feb. 11, 1904.

Upon re-examination of this case upon a petition for re-

hearing, the court adheres to the original opinion. The petition assumes that this decision is in conflict with Hodges v. Metcalfe County Court (decided Oct. 22, 1903) 25 R., 1553, 76 S. W., 381. The result may be, but the opinions are not, inconsistent. In the last named case the only questions passed upon were: (1) Where an applicant to retail liquors has made out a *prima facie* case under the statute and there is no remonstrance from the neighborhood affected, it is the duty of the county court to grant the license; (2) where an appeal is taken to the circuit court from the action of the county court, it must be tried on a bill of exceptions; and (3) upon a reversal of the judgment of the county court to the circuit court, the latter is not authorized to enter a judgment granting or refusing license, but must remand the application to the county court, where the judgment must be entered as directed. We adhere to what was there said. In that case it was assumed, and, so far as the opinion shows, it was a fact, that the applicant had made out his *prima facie* case in every particular. Our attention was not then directed to sections 4205 to 4214, Ky. St., 1903; nor were those sections, or the facts of that case calling them into consideration, passed upon or considered at all.

If these sections had been relied on, and the facts appearing the same as in this record, our conclusions would have been as in the original opinion in this case. The opinions are in no sense conflicting. In the original opinion a part only of section 4205, Ky. St., 1903, is quoted. The next sentence after the quoted part reads: "And such license shall only authorize the person to sell the liquor named in the license in quantities not less than a quart." (Druggists who sell for medicinal purposes on the prescription of a physician are excepted.)

Appellant contends that section 4214 applies only to licenses for selling in quantities less than a quart. That is true. But the whole chapter together shows that liquor sellers who may be licensed are thus classified: (1) Distillers. (2) Wholesalers (which, too, include rectifiers as a branch of these classes). (3) Retailers. This class is particularized by section 4205, as shown in the quotation in the original opinion. It includes druggists. (4) Tavern keepers. Appellant does not show himself to belong to any of the classes above named. Consequently he did not show himself entitled to a license to sell liquor in any quantity, or for any purpose. Appellant cites section 4224, Ky. St., 1903, as conferring authority to grant the license. It does not. It merely fixes the tax to be collected of those to whom licenses may be granted according to law. The license tax imposed for retailing spirituous and vinous liquors is $100, whether conducted in a city or elsewhere. Only if conducted not in the city the license will not authorize any person (except a druggist or licensed tavern keeper) to sell in quantities less than a quart. Nor can the license be granted to any person to sell by retail not in an incorporated town or city, unless such person is a distiller, druggist, merchant, or licensed tavern keeper. All licenses are granted by the county court clerk, except to retail liquor dealers and tavern keepers. These are granted by the county court. Section 4203. Section 4224 must be read and applied in connection with the preceding sections on the subject.

The petition is overruled.